UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

AMANDA HOLMAN,

      Plaintiff,

  v.

RICHARD-ALLAN SCIENTIFIC LLC (d/b/a Epredia and f/k/a Thermo Fisher Scientific Inc.),

      Defendant.

---

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
251 North Rose Street
Suite 200, PMB № 288
Kalamazoo, MI 49007-3860
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

---

## COMPLAINT

Plaintiff Amanda Holman alleges the following for her complaint against Defendant Richard-Allan Scientific LLC (d/b/a Epredia and f/k/a Thermo Fisher Scientific Inc.).

### NATURE OF THE CASE

1.    This is an employment case. Plaintiff Amanda Holman worked for Defendant in its human resources department.

2.    Defendant refused to hire Holman for a position she applied for because of her recent pregnancy, childbirth, and her role as a female caregiver to a newly born child.

3.    Holman applied for a promotion to a senior human resources manager position and during the interview for the job, one of Defendant's interviewers and decision-makers for the position asked Holman "do you have any concerns with the commitment to the role due to just

returning from maternity leave?"  Holman had recently taken maternity leave.

4. Defendant hired a man for the job who has no children.

5. Defendant told Holman the reason she was not selected was "[w]e weren't sure of your commitment level with returning from maternity leave and your stress level with having a newborn at home."

6. Defendant's conduct violates Title VII of the Civil Rights Act of 1964 and Michigan's Elliott-Larsen Civil Rights Act.  Holman suffered damages as a result of Defendant's statutory violations that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## PARTIES, JURISDICTION, AND VENUE

7. Plaintiff Amanda Holman is an individual person who resides in Kalamazoo County, Michigan.

8. Defendant Richard-Allan Scientific is a limited liability company organized under the laws of the State of Delaware.  The company maintains its principal place of business in Kalamazoo County, Michigan and does business under the name "Epredia" and was formerly known as Thermo Fisher Scientific Inc.

9. The Court has personal jurisdiction over Defendant under Michigan Compiled Laws Sections 600.711 and 600.715. FED. R. CIV. P. 4(k)(1)(A).

10. The Court has original subject matter jurisdiction over the claims asserted in the complaint under Title VII of the Civil Rights Act of 1964 in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law.  Title VII also independently affords subject matter jurisdiction in the United States courts. 42 U.S.C. § 2000e–5(f)(3).

11. The Court has supplemental jurisdiction over the state law claims asserted in the

complaint under Title 28 of the United States Code, Section 1367, because those claims are so related to the claims over which the Court has original jurisdiction that they form part of the same case and controversy.

12. Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391(b).

## GENERAL ALLEGATIONS

13. Defendant produces, manufactures, and sells scientific and technical instruments.

14. Plaintiff Amanda Holman worked for Defendant as a human resource generalist from September 2015 until October 2020.

15. Holman applied for an internal promotion with Defendant to the role of senior human resource manager.

16. Holman received interviews in June 2020 for the position, but Defendant refused to seriously consider her for the job because of her recent pregnancy, childbirth, and her role as a female caregiver to a newly born child.

17. One of Defendant's interviewers and decision-makers for the position Holman applied for asked her during the interview "do you have any concerns with the commitment to the role due to just returning from maternity leave?" Holman had taken maternity leave from February 5, 2020 to May 10, 2020, and returned to work full time on May 11, 2020.

18. Defendant did not hire Holman for the position. Instead, Defendant hired a man for the job who has no children.

19. After Defendant informed her it did not select her for the position, Holman spoke with senior-level employees about why she did not get the job and she was told the reason she was not selected was "[w]e weren't sure of your commitment level with returning from maternity leave and your stress level with having a newborn at home."

20. Holman filed a charge of discrimination with the United States Equal Employment Opportunity Commission and has otherwise satisfied all administrative prerequisites to filing her causes of action.

## COUNT 1
### DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

21. Holman repeats and incorporates all the previous allegations in her complaint.

22. Holman is a female with young children for whom she has caregiver responsibilities.

23. Holman was qualified for the senior human resource manager position for which she applied.

24. Defendant did not select Holman for the position. Instead, Defendant hired a male for the position who has no children.

25. Holman's gender was a motivating factor in Defendant's decision not to hire her for the position.

26. Holman suffered damages as a result of Defendant's violations of Title VII of the Civil Rights Act of 1964, that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 2
### DISCRIMINATION IN VIOLATION OF
### MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT

27. Holman repeats and incorporates all the previous allegations in her complaint.

28. Holman is a female with young children for whom she has caregiver responsibilities.

29. Holman was qualified for the senior human resource manager position for which she applied.

30. Defendant did not select Holman for the position. Instead, Defendant hired a male for the position who has no children.

31. Holman's gender was one of the motives or reasons which made a difference in Defendant's decision not to hire her for the position.

32. Holman suffered damages as a result of Defendant's violations of Michigan's Elliott-Larsen Civil Rights Act, that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

### JURY DEMAND

33. Holman demands a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

### RELIEF REQUESTED

34. Plaintiff Amanda Holman requests that the Court enter a judgment in her favor and against Defendant in an amount that will fully and fairly compensate her for all of her damages, losses, expenses, back wages, emotional distress, attorney's fees, litigation costs, and interest.

35. Holman also requests that the court grant her any additional relief, both legal and equitable, as the Court determines to be appropriate and just under the circumstances.

AMANDA HOLMAN

Dated: June 17, 2021     By:   /s/ Mark S. Wilkinson

Mark S. Wilkinson (P68765)
*Attorney for Plaintiff*
PALADIN EMPLOYMENT LAW PLLC
251 North Rose Street
Suite 200, PMB № 288
Kalamazoo, MI 49007-3860
(tel.) 269.978.2474
mark@paladinemploymentlaw.com